UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| QBE SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 11-2062 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| ROYAL COMMERCIAL CONSTRUCTION, INC., et al | MAGISTRATE JUDGE HORNSBY |

_____

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment (Record Document 15) filed on behalf of Plaintiff, QBE Specialty Insurance Company ("QBE") seeking a declaratory judgment.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c)(2). The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). If the motion is properly made, the non-movant "must set forth facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required

by this rule." Local Rule 56.2.

In 2008, the University of New Orleans contracted with Insulation Technologies, Inc. for asbestos abatement and re-roofing of the University Center Building. (Record Document 1 at 2). Insulation Technologies, Inc. subcontracted with Royal Commercial Construction, Inc. ("Royal") to "hang a suspended ceiling grid and install aluminum ceiling panels once the grid was hung." (Record Document 15-2 at 1). After completion of the project, Insulation Technologies, Inc. discovered that the ceiling panels were not finished with the proper substance. (Record Document 15-1 at 1). Insulation Technologies, Inc. holds Royal liable for the defective panels and the damages that resulted from their instillation. See id. Royal has an insurance policy with QBE.

QBE seeks a declaration that QBE is not bound to provide insurance coverage to its insured, Royal, for damages and claims arising out of this project. In the present matter, the Defendants have not filed an opposition to QBE's Motion for Summary Judgment. On April 5, 2012, this Court issued a "Notice of Motion Setting" (Record Document 16) giving Defendants twenty-one (21) calendar days from April 5, 2012 to file an opposition to QBE's Motion for Summary Judgment. They have not done so as of the date of this Order. Thus, because the material facts set forth by QBE (Record Document 15-2) have not been controverted, there is no genuine issue of material fact for trial. The Court finds that QBE is entitled to a judgment as a matter of law declaring that QBE does not owe Royal insurance coverage for damages, repair, or replacement of the ceiling panels.

Therefore, **IT IS ORDERED** that QBE's Motion for Summary Judgment be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of May, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE